577 A.2d 964

COMMONWEALTH of Pennsylvania, Appellant,

v.

ONE (1) 1984 Z-28 CAMARO COUPE and Cheryl A. Stuck and Kenneth A. Stuck, Jr., Appellees.

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1990.

Decided July 16, 1990.

Petition for Allowance of Appeal
Granted Jan. 11, 1991.

Edward W. Klein, Asst. Dist. Atty., with him, Robert B. Sacavage, Dist. Atty., for appellant.

Peter T. Campana, with him, Marc F. Lovecchio, Campana & Campana, for appellees.

Brian P. Gottlieb, Deputy Atty. Gen., Appeals and Legal Services Section, with him, Letty Kress, Deputy Atty. Gen., Drug Prosecutions Section, Robert A. Graci, Chief Deputy Atty. Gen., Appeals and Legal Services Section, Anthony Sarcione, Executive Deputy Atty. Gen., Director of Criminal Law Div., and Ernest D. Preate, Jr., Atty. Gen., for amicus curiae, Atty. Gen. of Pennsylvania on behalf of the Com. of Pennsylvania.

George S. Leone, Asst. Dist. Atty., with him, Ronald Eisenberg, Chief, Appeals Unit, Gaele McLaughlin Barthold, Deputy Dist. Atty., William G. Chadwick, Jr., First Asst. Dist. Atty., Ronald D. Castille, Dist. Atty., and James P. MacElree, II, President, for amicus curiae, The Pennsylvania Dist. Attys. Ass'n.

Before CRUMLISH, Jr., President Judge, and CRAIG, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

## OPINION

CRUMLISH, Jr., President Judge.

The Commonwealth of Pennsylvania, through the Northumberland County District Attorney's office,[1] appeals a Northumberland County Common Pleas Court order directing civil discovery and a jury trial in a controlled substances forfeiture proceeding. We reverse.

Cheryl and Kenneth Stuck, Jr., filed a motion for civil discovery and jury trial following seizure of their 1984 Chevrolet Camaro. A hearing was scheduled on August 7, 1989, pursuant to the Judicial Code's provisions for controlled substances forfeitures, 42 Pa.C.S. §§ 6801—6802, after which President Judge Ranck granted the Stucks' civil discovery and jury trial request. The court certified the

---

1. The Northumberland County District Attorney's Office initiated the original drug investigation and subsequent charges for the plaintiff Commonwealth. The Attorney General, as chief law enforcement officer of the Commonwealth, Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended,* 71 P.S. § 732–206(a), participated amicus curiae.

issue as one involving a controlling question of law, whereupon this Court granted permission to appeal. Pa.R.A.P. 1311; 42 Pa.C.S. § 702(b).

The sole issue before this Court is whether a jury trial is required in Judicial Code forfeiture proceedings. The Stucks concede that no right is expressly granted by Sections 6801 or 6802 but base their argument on state constitutional grounds.

The Pennsylvania Constitution does not expressly guarantee the right to a jury trial in forfeiture proceedings. The Constitution of this Commonwealth, however, does provide that "[t]rial by jury shall be as heretofore, and the right thereof remain inviolate." Pa. Const. art. I, § 6. Our Supreme Court has steadfastly pronounced that the term "heretofore" intends to preserve existing rights when our Commonwealth adopted its original Constitution. *Byers v. Commonwealth*, 42 Pa. 89 (1862). We are instructed that our Constitution mandates a jury trial in every case where one would have been so entitled at the time the Constitution of 1790 was adopted. *William Goldman Theatres v. Dana*, 405 Pa. 83, 173 A.2d 59 (1961), *cert. denied*, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961).

Hence, we must first examine our Commonwealth's common law. This is so because jury trials are not available in proceedings created by statute unless the proceeding has a common law basis. *Watson Appeal*, 377 Pa. 495, 105 A.2d 576 (1954). Although *in rem* forfeiture proceedings were known at common law, certainly no proceeding could have ever anticipated the current drug epidemic crisis and its consequent burden on our legal system. Early Pennsylvania common law recognized forfeiture proceedings *in rem* but reveals no corresponding right to a hearing at all. It has been observed that the rationale of those early proceedings were retributive, in the nature of the concept of "deodand." [2]   69 Dick.L.Rev. 285 (1965).

2. "Deodand" is the forfeiture of personal chattel which was the immediate cause of another's death.

Having found no right to a jury trial in the Commonwealth's common law at its beginnings, we must examine the Judicial Code's forfeiture provisions in an attempt to ascertain legislative intent. Section 6801 of the Judicial Code declares that no property right exists in conveyances or other items used in violation of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101—780–144. The Code also provides generally for forfeiture, Section 6802; for notice, Section 6802(b); for temporary restraining orders, Section 6802(g); and for hearings, Section 6802(h); however, there is no mention of jury trials in these proceedings.

Moreover, an examination of the Commonwealth's legislative experience in an analogous area discloses a departure from the provision for jury trials. The first Liquor Control Act [3] provided for jury trials in forfeiture proceedings. In 1933, P.L. 15,[4] specifically repealed the entire act, eliminating completely the forfeiture provisions of its predecessor. Further amendment reenacted forfeiture proceedings, with no concurrent reenactment of the right to jury trial.[5] The present Liquor Code forfeiture procedures do not include a provision for jury trial.[6]

Thus, because the right to a jury trial in a controlled substance forfeiture proceeding is not provided for in the statute, implied by its legislative history or intent, expressly guaranteed by the Constitution or based in common law, we conclude that no such right exists in the case at bar.

The order of the trial court is, accordingly, reversed.

## ORDER

The Northumberland County Common Pleas Court order, Misc. No. 89–12 dated August 14, 1989, is reversed.

3. Act of March 27, 1923, P.L. 34, § 11(D).

4. Act of November 29, 1933, P.L. 15.

5. Act of July 18, 1935, P.L. 1246, § 611(d)(7).

6. Section 602 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 6–602.